By the Court.
Plaintiff in error is complaining of a schedule fixed by the defendant in error, regulating rates which plaintiff in error may charge its water consumers in the village of Kent, Ohio.
*322 Prior to the fixing of the rates, a valuation of the utility had been had by the utilities commission. The valuation was fixed at the sum of $127,113.31.
Complaint is made that on the basis of such valuation, the rates fixed by the commission will enable complainant to earn but 4\ per cent. This, it is claimed, is unreasonable — in fact, confiscatory.
The court is of opinion that such a return on capital invested is inadequate, and, if the valuation of the utility is correct, then the order fixing the rates is an unreasonable one and ought for that reason to be set aside and the cause be remanded with instructions to revise and increase the rates for the use of water.
We are informed, however, by the record, that the valuation of the utility as fixed by the commission was made on inadequate information and is not the true valuation.
While it is true that the valuation feature of the matter is not before the court, yet we are forced to conclude that the commission justified the schedule of rates which it adopted on the theory that its valuation of the utility was largely in excess of the real value, and that the rates if applied to the true value of the plant would afford an. adequate return.
It is urged by the commission that it was misled in fixing the valuation at $127,113.31, by reason of the fact that the company withheld certain important information, solely in its possession* which, should have been disclosed.
*323 We are of the opinion that the commission, entertaining the view, as it did, that the valuation was grossly excessive, should, before fixing the rate to be charged for water, have ordered a revaluation of the plant, in order to revise and correct its original valuation. The commission possessed this authority under the provisions of Section 499-11, General Code. It still possesses this power.
We are therefore constrained to reverse this cause and remand it to the commission with instructions, in the exercise of its continuing jurisdiction, to reappraise the utility, and, upon such revaluation being had, if it is found that the original valuation is correct, to revise the schedule of rates in such manner as to afford to the company the opportunity of earning such fair and adequate return on the capital invested as the commission deems just and reasonable.

Order reversed, and cause remanded.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.